UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFREY HENRY,<br>    Plaintiff, | Case No. 1:13-cv-701 |
| vs | Spiegel, J.<br>Bowman, M.J. |
| JUDGE NADINE ALLEN, et al.,<br>    Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, a prisoner in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this *pro se* civil rights action for damages under 42 U.S.C. § 1983. The case, which was originally filed in the Eastern Division of this Court, was transferred here on September 30, 2013. (*See* Doc. 2). By separate Orders issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and his motion to transfer this case back to this Court's Eastern Division has been denied. This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 action against Hamilton County, Ohio, Court of Common Pleas Judge Nadine Allen; Assistant Prosecuting Attorney Seth S. Tieger of the Hamilton County Prosecutor's Office; the Hamilton County Prosecutor's Office; Jeff Heard, a police detective employed by the Springdale, Ohio, Police Department; the Springdale Police Department; Ranz Reliford; and the State of Ohio. (*See* Doc. 1, Complaint, pp. 3, 9). Plaintiff alleges that he was arrested in March 2010 by the Springdale Police Department "for crimes he did not commit." (*Id.*, p. 5). An indictment was returned in Hamilton County Court of Common Pleas Case No. B1001578 charging plaintiff with two counts of rape and one count of gross sexual imposition. (*Id.*). The charges stemmed from plaintiff's "sexual encounter" with Natasia M. Davis. (*Id.*). Plaintiff claims that although he was married to another person at the time, the encounter did not involve any "criminal offenses." (*Id.*). He states that Davis and her boyfriend, defendant Reliford, attempted to extort $5,000 from him, and that only when their extortion attempts failed, did Davis file a complaint with the police. (*See id.*, pp. 5, 7).

Plaintiff claims that the Springdale Police Department "ignored and withheld facts and

evidence which could have exonerated or, at least, mitigated the nature and extent of the charges against him." (*Id.*, p. 5). Plaintiff specifically alleges that defendant Jeff Heard "was aware of the lack of proof and inconsistent evidence," as well as "the extortion attempts" by Reliford and Davis, yet failed to disclose to plaintiff or his attorney the exculpatory evidence (including phone records and texts) of the attempted extortion. (*See id.*, pp. 5-6). Plaintiff also alleges that his trial counsel filed a motion to preserve the cell phone that was used by Davis and Reliford to make the "extortion demands," which was granted by Judge Allen. (*Id.*, p. 6). Although defendant Heard was ordered to hold the cell phone "as evidence until further order of the Court," the evidence was neither preserved nor produced to plaintiff; instead, only "certain text messages" that supported the State's case were disclosed. (*Id.*).

Plaintiff claims that all the defendants conspired together "to have him arrested, wron[g]fully convicted and incarcerated" and that each defendant "played a role in hiding or withholding evidence of [the extortion] crime" committed by Reliford and Davis. (*Id.*, pp. 7-8, 9). He states:

> [T]he withholding and misrepresenting of said evidence was primarily done by Hamilton County Prosecutor's Office and Defendant, Seth S. Tieger, Assistant Prosecuting Attorney, who had a duty to disclose. . . . Further, please remember that Defendant Jeff Heard was ordered to preserve this evidence, but Defendant Judge Nadine Allen, again in conspiracy with the other defendants, failed to ever compel any actions on her Order.

(*Id.*, p. 8). Plaintiff further avers that although the police, prosecutors and judge "were made aware of the extortion, . . . no charges were ever filed" against Reliford or Davis. (*Id.*).

Plaintiff alleges that following a trial, he was acquitted of one of the rape charges and the gross sexual imposition count. (*Id.*, p. 6). However, he was convicted on the remaining rape charge and, on November 9, 2010, was sentenced by defendant Allen to a four-year prison term. (*Id.*). Plaintiff states that the trial court's judgment of conviction and sentence was upheld on

4

appeal to the Ohio Court of Appeals, First Appellate District, and Ohio Supreme Court. (*Id.*). Plaintiff is currently pursuing federal habeas relief in an action that is pending before this Court (Case No. 1:13-cv-81). (*Id.*).

As relief, plaintiff seeks damages for the alleged violation of his constitutional rights by the defendants. (*See id.*, p. 12). He states that he is "not asking to be released from prison." (*Id.*, p. 9).

Plaintiff's allegations are insufficient to state an actionable claim for damages under 42 U.S.C. § 1983 against the named defendants.

As an initial matter, plaintiff has not stated a viable claim against the State of Ohio, Ranz Reliford, the Hamilton County Prosecutor's Office, the Springdale Police Department, Hamilton County Prosecuting Attorney Seth S. Tieger, and Judge Nadine Allen. The State of Ohio should be dismissed as a defendant because it is not a "person" within the meaning of § 1983 and, in any event, the Eleventh Amendment precludes plaintiff from recovering damages from the State in a § 1983 action. *See Looker v. Ohio*, No. 97-3490, 1998 WL 808369, at *1 (6th Cir. Nov. 9, 1998) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)); *see also Harmon v. Hamilton Cnty. Court of Common Pleas,* 83 F. App'x 766, 768 (6th Cir. 2003). Both the prosecuting attorney and Judge Allen should also be dismissed because they are absolutely immune from liability in this § 1983 action. *See, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 340-43 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (prosecutorial immunity for alleged acts or omissions that are "intimately associated with the judicial phase of the criminal process"); *Mireles v. Waco,* 502 U.S. 9, 9-13 (1991) (per curiam) (and Supreme Court cases cited therein) (absolute immunity for actions taken by judges in their judicial capacity).

5

Plaintiff has not stated a colorable § 1983 claim against Ranz Reliford because Reliford is a private individual, not a "person acting under color of state law." *See Hines v. Langhenry*, 462 F. A'ppx 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). "[To] act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 28 n.4 (1980) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)). Although plaintiff has generally claimed the defendants were all involved in a conspiracy to have him wrongfully arrested, prosecuted and convicted on criminal charges, plaintiff has alleged no facts even remotely suggesting that Reliford was acting in conspiracy or jointly with the state-actor defendants when making extortion demands of plaintiff.

In addition, the Hamilton County Prosecutor's Office and the Springdale Police Department should be dismissed as defendants because neither party is a legal entity that is capable of being sued. *See, e.g., Schleiger v. Gratiot Cnty. Prosecutor's Office,* No. 4:11cv13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (Report & Recommendation) (citing numerous cases holding that a county prosecutor's office is not an entity subject to suit under § 1983), *adopted*, 2012 WL 95757 (E.D. Mich. Jan. 12, 2012); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of a county sheriff's office as a party because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridical entity

subject to suit under Ohio law."). *Cf. Davis v. Middletown Police Dep't,* No. 1:13cv83, 2013 WL 503130, at *3 (S.D. Ohio Feb. 8, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811936 (S.D. Ohio Mar. 5, 2013) (Beckwith, J.); *Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002)); *State v. Elizabethtown Police Dep't*, Civ. Act. No. 3:09-CV-569-H, 2010 WL 1196193, at *2 (W.D. Ky. Mar. 23, 2010). As the district court explained in ruling that police departments are not legal entities subject to suit in *Davis v. Bexley Police Dep't, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dep't,* 680 F.Supp. 1075, 1080 (S.D.Ohio 1987). Thus, police departments are not proper § 1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones,* 197 F.Supp. at 1080.

Even if the Court were to liberally construe plaintiff's *pro se* complaint as alleging claims against the municipality of Springdale and Hamilton County, plaintiff's complaint would still fail to state a claim for relief against those entities. A municipality cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S. at 677 (in a § 1983 action, vicarious liability does not apply and supervisory defendants are liable only for their "own misconduct"); *see also Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978) (involving § 1983 claim against a municipality). *Cf. Davis, supra*, 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d

7

1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In this case, plaintiff has alleged no facts indicating that the Springdale Police Department or the Hamilton County Prosecutor's Office were acting pursuant to a governmental policy or custom in allegedly violating plaintiff's rights. Therefore, plaintiff has failed to state a viable § 1983 claim against those entities based on the theory of municipal liability.

In any event, plaintiff has failed to state a claim upon which relief may be granted by this Court because the incidents forming the bases for his cause of action against the defendants occurred over two years before this action commenced. Plaintiff's complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions . . . because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's civil rights claims as frivolous under

28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired). A review of the record filed in the plaintiff's pending federal habeas action reveals that the final judgment entry of sentence was docketed on November 9, 2010 in the criminal case giving rise to plaintiff's claims against the defendants. *See Henry v. Warden, Chillicothe Corr. Inst.*, No. 1:13-cv-81 (Spiegel, J.; Bowman, M.J.) (Doc. 13, Ex. 6). The instant complaint filed nearly three years later in September 2013, therefore, appears to be time-barred.

Finally, plaintiff's allegations fail to state a viable claim for damages relief under § 1983 because a ruling in his favor would necessarily cast doubt on the validity of his state conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck,* 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok,* 520 U.S. 641, 643 (1997). The same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. § 1985. *See Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003); *Mason v. Stacey,* No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein).

It appears clear from the face of the complaint that plaintiff's Ohio rape conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*. Because a successful challenge against state agents in effectuating plaintiff's arrest, prosecution and criminal conviction in Ohio would necessarily imply the invalidity of the underlying conviction and sentence, any claim by plaintiff for damages is barred by *Heck*. Therefore, to the extent that plaintiff seeks to bring a cause of action under § 1983 attacking the constitutionality of his state prosecution and resulting conviction and sentence, he has not stated a claim upon which relief may be granted by this Court.

Accordingly, in sum, the undersigned concludes that the plaintiff's complaint is subject to dismissal at the screening stage because plaintiff has failed to state a viable claim for damages under 42 U.S.C. § 1983 against most of the defendants and, in any event, his § 1983 claims are barred from review on statute-of-limitations grounds and by the Supreme Court's *Heck* decision.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. Pursuant to 28 U.S.C. § 1915(a)(3) and for the foregoing reasons, the Court certifies that an appeal of this Order would not be taken in good faith, and therefore, denies plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY HENRY,                          Case No. 1:13-cv-701
    Plaintiff,

                                                             Spiegel, J.
    vs                                                   Bowman, M.J.

JUDGE NADINE ALLEN, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc