```
           UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF OHIO
                 WESTERN DIVISION
```

|  |  |
|---|---|
| JEFFREY HENRY, | NO. 1:13-CV-00701 |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| JUDGE NADINE ALLEN, et al., | |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 13), and Plaintiff's Objection (doc. 16). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES Plaintiff's Complaint.

**I. Background**

Petitioner had a sexual encounter with his wife's niece, Natasia Davis, at his mortgage business on February 10, 2010 (doc. 16). Later that day he received a phone call from the niece's boyfriend, Defendant Ranz Reliford, demanding $5,000 in exchange for not telling Petitioner's wife about the encounter (Id.). Petitioner indicated he needed time to raise the money (Id.). Ultimately Petitioner only pulled together $1,500 and indicated he needed more time (Id.). Soon thereafter, police contacted Petitioner investigating an allegation of rape (Id.).

The Hamilton County, Ohio grand jury charged Petitioner

with two counts of rape and one count of gross sexual imposition (Id.). Petitioner pled not guilty to each charge (Id.). He went to trial before the bench, which found him guilty of one charge of rape and not guilty on the remaining counts (Id.). The Court sentenced Petitioner to a four-year term of incarceration (Id.). Petitioner's sentence was affirmed on appeal (Id.). The Ohio Supreme Court denied Petitioner leave to appeal, dismissing the appeal "as not involving any substantial constitutional question" (Id.).

Plaintiff brings the instant Section 1983 action against Hamilton County, Ohio, Court of Common Pleas Judge Nadine Allen; Assistant Prosecuting Attorney Seth S. Tieger of the Hamilton County Prosecutor's Office; the Hamilton County Prosecutor's Office; Jeff Heard, a police detective employed by Springdale, Ohio, Police Department; the Springdale Police Department; Ranz Reliford, and the State of Ohio (doc. 1). Plaintiff claims Defendant Springdale Police Department "ignored and withheld facts and evidence which could have exonerated or, at least, mitigated the nature and extent of the charges against him" (Id.). Plaintiff specifically alleges that Defendant Jeff Heard "was aware of the the lack of proof and inconsistent evidence," as well as "the extortion attempts," yet failed to disclose to Plaintiff or his attorney exculpatory evidence, including phone records and texts (Id.). Plaintiff claims that all the defendants conspired together "to have him arrested, wron[g]fully convicted and incarcerated" and

2

that each defendant played a role in hiding or withholding evidence of [the extortion] by Reliford and Davis (Id.).

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge reviewed the record and determined that Plaintiff's Complaint failed to state a viable claim for damages under Section 1983 against most Defendants and, in any event, his Section 1983 claims are barred from review on statute-of-limitations grounds and by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 487 (1994) (doc. 13). Specifically, she found Plaintiff has not stated a viable claim against the State of Ohio, Ranz Reliford, the Hamilton County Prosecutor's Office, the Springdale Police Department, Hamilton County Prosecuting Attorney Seth S. Tieger, and Judge Nadine Allen (Id.). She noted the State of Ohio should be dismissed because it is not a "person" within the meaning of Section 1983 and, in any event, the Eleventh Amendment bars Plaintiff from recovering damages from the State in a Section 1983 action (Id. citing Looker v. Ohio, No. 97-3490, 1998 WL 808369, at *1 (6th Cir. Nov. 9, 1998)). Judge Allen and the Prosecuting Attorney should also be dismissed, she noted, because they are absolutely immune from liability (Id. citing Van de Kamp v. Goldstein, 555 U.S. 335, 340-43 (2009)). Because Ranz Reliford is a private individual, and "not a person acting under color of state law," and because Plaintiff has not alleged facts that Reliford acted in conspiracy with state actors, the Magistrate Judge found he should be dismissed (Id. citing Hines v. Langhenry,

3

462 Fed. App'x 500, 503 (6th Cir. 2011)). Next, the Magistrate Judge found, the Hamilton County Prosecutor's Office and the Springdale Police Department should be dismissed because neither party is a legal entity capable of being sued (Id. citing Schleiger v. Gratiot Cnty. Prosecutor's Office, No. 4:11-CV-13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011)). Moreover, as he has not alleged a policy or custom linked to an alleged deprivation of constitutional rights, he has failed to state a claim for municipal liability against those entities (Id.).

The Magistrate next found that Plaintiff's Complaint is barred by the applicable two-year statute of limitations (Id.). She noted the incidents forming the bases for his cause of action–his sentence in the rape case on November 9, 2010, took place over two years before this action commenced in September 2013 (Id.).

Finally, the Magistrate Judge noted that Plaintiff's allegations fail to state a viable claim under Section 1983 because a ruling in his favor would necessarily cast doubt on the validity of his state conviction (Id. citing Heck v. Humprey, 512 U.S. 477, 487 (1994)). A Section 1983 action for money damages based on an allegedly unconstitutional conviction or sentence will not lie unless the Plaintiff has already succeeded in having the conviction or sentence invalidated (Id.). The record shows that Plaintiff's conviction and sentence stand; this Court only recently denied Plaintiff's request for a writ of habeas corpus. Case No. 1:13-CV-

4

00081, October 23, 2014.

**III. Plaintiff's Objections**

Plaintiff filed his Objection (doc. 16) nearly a week after the deadline, but out of an abundance of caution and in the interests of justice, the Court has reviewed it. Plaintiff contends the Magistrate Judge erred in recommending his Complaint be dismissed for failure to state a claim against "most of the Defendants" (doc. 16). Plaintiff contends the Magistrate Judge failed to offer any basis for the dismissal of Jeff Heard, the Springdale police detective who failed to disclose exculpatory information related to the extortion attempts (Id.). Moreover, he contends, Ranz Reliford was a willful participant in the joint action of state actors, thus, in Plaintiff's view Reliford should be held accountable (Id.).

Plaintiff next argues the Magistrate Judge erred in recommending that Plaintiff's Section 1983 claims are barred on statute of limitations grounds (Id.). He contends, based on the discovery rule, that he found that Defendants conspired to hide and misrepresent the evidence of extortion (Id.). He appears to further contend that he is entitled to discovery so as to establish that his Complaint is timely (Id.).

**IV. Discussion**

Having reviewed this matter de novo, pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and

5

Recommendation thoughtful, well-reasoned, and correct. The Report and Recommendation methodically demonstrates why each Defendant should be dismissed. Plaintiff raised the exception of Defendant Jeff Heard, the police detective. However, Defendant Heard is covered by the statute of limitations. Although Plaintiff seeks to preserve his Complaint through more discovery, it is apparent that he knew the facts regarding the alleged extortion as early as February 2010 when he faced it. The alleged extortion in no way is exculpatory with regard to his charge and conviction of rape; it merely shows that his victim chose to strike back. Similarly such alleged extortion does not serve to mitigate: Defendant was charged with forcibly subjecting Davis to an unwanted sexual encounter, and his conviction stands. As such, his entire Section 1983 Complaint is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

**V. Conclusion**

For the reasons indicated herein, the Court finds the Magistrate Judge's Report and Recommendation well-taken in all respects. Accordingly, the Court ADOPTS and AFFIRMS such Report and Recommendation (doc. 13), and DISMISSES Plaintiff's Complaint (doc. 12) with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Plaintiff leave to appeal in

forma pauperis. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

       SO ORDERED.

DATED: October 28, 2014   s/S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge